## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ARETHA ASHTON,                          )
    On behalf of C.J.B.,                )
                                     )
    Plaintiff,                          )
                                       )
v.                                      )   Civil Action No. 3:08CV412–HEH
                                       )
MICHAEL J. ASTRUE, Commissioner        )
of Social Security,                     )
                                       )
    Defendant.                          )

### MEMORANDUM OPINION
**(Declining to Adopt Report and Recommendation, Granting Defendant's Motion for Summary Judgment, and Denying Plaintiff's Motion for Summary Judgment)**

THIS MATTER is before the Court on a Report and Recommendation ("R&R")

filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Dennis W. Dohnal, United

States Magistrate Judge ("Magistrate Judge"), on March 23, 2009. The R&R

recommends that Plaintiff's Motion for Summary Judgment be granted and that the case

be reversed and remanded for further proceedings. Defendant filed objections to the

R&R on April 3, 2009, and Plaintiff has not filed any response. The Court will dispense

with oral argument because the facts and legal contentions are adequately presented in the

materials before the Court, and argument would not aid the decisional process.

The instant case involves Plaintiff's claim on behalf of her minor child, C.J.B., for

Supplemental Security Income ("SSI") benefits. After the Social Security Administration

("SSA") denied Plaintiff's application initially and on reconsideration, Plaintiff requested

an administrative hearing. Plaintiff attended and testified at a hearing on February 7,

2007, before an Administrative Law Judge ("ALJ"). On March 21, 2007, the ALJ denied

Plaintiff's claim, finding that C.J.B. was not disabled as defined by the Social Security

Act. Defendant, in accordance with the ALJ's decision, denied Plaintiff's claim, in part

because Plaintiff had failed to demonstrate that C.J.B. experienced asthma with

"[p]ersistent low-grade wheezing between acute attacks or [an] absence of extended

symptom-free periods requiring daytime and nocturnal use of sympathomimetic

bronchodilators" as required by 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 103.03(c). After

her administrative appeal was denied, Plaintiff sought relief from this Court.

On review, the Magistrate Judge concluded that Defendant's denial of SSI benefits

to Plaintiff was improper because the ALJ's opinion was not supported by substantial

evidence in the record. Defendant advances two objections to the R&R. First, Defendant

asserts that the Magistrate Judge erred in recommending that the case be remanded for

further proceedings because Plaintiff failed to show that C.J.B.'s asthma satisfied all of

the requirements in § 103.03(c). Second, Defendant contends that the Magistrate Judge

erred in concluding that Defendant's decision denying Plaintiff SSI benefits was not

supported by substantial evidence in the record. Having reviewed the record, the R&R,

and the parties' briefs, the Court will sustain Defendant's objections.

To be eligible for SSI benefits for asthma, Plaintiff must demonstrate that he

suffers from

Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:

1. Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease; or

2. Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period.

§ 103.03(c). Thus, to satisfy the requirements of § 103.03(c), Plaintiff must establish that

C.J.B. experienced either "persistent low-grade wheezing between acute attacks" or an

"absence of extended symptom-free periods requiring daytime and nocturnal use of

sympathomimetic bronchodilators." If Plaintiff meets this threshold requirement, she

must then demonstrate that C.J.B. experienced either "persistent prolonged expiration

with radiographic or other appropriate imaging techniques evidence of pulmonary

hyperinflation or peribronchial disease" or "short courses of corticosteroids that average

more than 5 days per month for at least 3 months during a 12-month period." To be

entitled to benefits, Plaintiff must show that C.J.B.'s asthma "meet[s] all of the specified

medical criteria. An impairment that manifests only some of those criteria, no matter how

severely, does not qualify" for SSI benefits under § 103.03(c). *Sullivan v. Zebley*, 493

U.S. 521, 530 (1990).

In the R&R, the Magistrate Judge concluded that Plaintiff provided evidence to the

ALJ that C.J.B. has experienced an absence of symptom-free periods that required the

3

"frequent use of sympathomimetic bronchodilators."[1] (R&R, at 8.) The Magistrate Judge

cited C.J.B.'s use of an Albuterol nebulizer three times per week, his use of an Advair

Diskus inhaler regularly, and his use of Pulmicort daily to support this conclusion.

Relying on this evidence, the Magistrate Judge stated that the evidence "would seem to at

least suggest that C.J.B. satisfied the requirement of Listing 103.03(c)." (R&R, at 9.)

C.J.B. has been prescribed numerous medications to control both his allergies and

asthma. He takes Allegra daily, Nasonex twice daily, and Singulair[2] nightly to treat his

allergies. He also receives three allergy shots per week for his allergies. As noted, C.J.B.

uses two sympathomimetic bronchodilators—an Advair Diskus and an Albuterol inhaler

and nebulizer—and Pulmicort on a regular basis to treat his asthma. He has also taken

several courses of Prednisolone to treat his asthma.[3]

While there is no dispute that C.J.B. takes numerous medications to prevent, treat,

and control his allergies and asthma, including the frequent use of sympathomimetic

---

[1] The Magistrate Judge did not address the first requirement in § 103.03(c) of "persistent low-grade wheezing between acute attacks" in the R&R. A review of the record reveals that Plaintiff cannot satisfy this requirement. No evidence exists showing that C.J.B. experienced "acute attacks" of asthma as defined by federal regulations or that he suffered from "persistent low-grade wheezing."

[2] Plaintiff testified that C.J.B. takes Singulair to treat his allergies, but, according to its website, Singulair can also be used to treat asthma. http://www.merck.com/product/ usa/pi_circulars/s/singulair/singulair_ppi.pdf. Singulair, however, is administered in tablet form and is not a sympathomimetic bronchodilator. *See id.*

[3] C.J.B. also uses Astelin twice daily to control his snoring and ferrous sulfate to treat his iron deficiency.

4

bronchodilators, Defendant correctly points out that the evidence in the record fails to show that C.J.B.'s asthma requires the "daytime *and* nocturnal" use of sympathomimetic bronchodilators as required by § 103.03(c). To the contrary, the evidence shows that C.J.B.'s asthma was largely controlled by his use of only daily medications. For instance, according to his medical records, C.J.B. was using a nebulizer only three times a week to control his asthma in June 2006, and, in late August 2006, he was using Albuterol only on an as-needed basis. Indeed, C.J.B. required sympathomimetic bronchodilators daily and nocturnally for only two periods in April 2006 and August 2006. Shortly after those periods, he resumed taking his medications on a daily or an as-need basis. Thus, Plaintiff has failed to show that C.J.B.'s asthma satisfies the first component of § 103.03(c). Because Plaintiff must satisfy all of the criteria listed in § 103.03(c), *Sullivan*, 493 U.S. at 530, and she has failed to do so, Defendant's objection to the R&R on this issue will be sustained.

Defendant also objects to the Magistrate Judge's conclusion that Defendant's decision to deny Plaintiff's claim for SSI benefits was not supported by substantial evidence in the record. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[I]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

5

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, determine the credibility of witnesses, or substitute its judgment for that of Defendant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The issue before the Court, therefore, is not whether C.J.B. is disabled as defined by the Social Security Act, but whether the ALJ's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

As discussed above, the evidence in the record shows that C.J.B.'s asthma was effectively controlled by his use of daily medications. C.J.B.'s asthma required the use of sympathomimetic bronchodilators nocturnally for only two periods in April 2006 and August 2006. Other than during those two periods, C.J.B.'s use of daily medications allowed him to experience symptom-free periods. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (finding that, if a condition can be effectively controlled with medication, it does not qualify as "disabling" under the Act). In 2006, medical reports on C.J.B. made in May, June, July, September, and November showed that C.J.B.'s asthma was stable and that his lungs were clear with no evidence of wheezing while he was taking medication only on a daily basis. Thus, the record contains substantial evidence supporting Defendant's determination that C.J.B. is not disabled as defined by § 103.03(c). Accordingly, Defendant's objection to the R&R will be sustained, and his Motion for Summary judgment will be granted.

6

For the foregoing reasons, the Court will sustain Defendant's objections and decline to adopt the R&R issued by the Magistrate Judge. Defendant's Motion for Summary Judgment will be granted, Plaintiff's Motion for Summary Judgment will be denied, and Plaintiff's Complaint will be dismissed. An appropriate Order will accompany this Memorandum Opinion.

                                          /s/
                                   _____
                                   Henry E. Hudson
                                   United States District Judge

ENTERED this  5th  day of  Aug 2005
Richmond, VA

7